```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

CALVIN G. NEAL                                                    PLAINTIFF

       v.                     Civil No. 06-6044

BANK OF AMERICA, N.A. (USA)                                       DEFENDANT

**ORDER**

NOW on this 10th day of April 2007, comes on for consideration **Plaintiff's Motion for Nonsuit or Alternatively, Plaintiff's Motion to Dismiss Without Prejudice** (document #31), and from the motion, and the response thereto, the Court, being well and sufficiently advised, finds and orders as follows:

1.   The plaintiff, Calvin G. Neal, seeks to dismiss the following causes of action *without* prejudice:

* Neal's claim against the defendant for a violation of the Bankruptcy Stay and Discharge under 11 U.S.C. § 362, 524;

* Neal's claim for defendant's willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and,

* Neal's claim for defendant's negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2.   While defendant doesn't oppose plaintiff's motion for dismissal of his federal claims, it insists that, if granted, such a dismissal should be *with* prejudice -- as opposed to a dismissal *without* prejudice as requested by plaintiff.  Plaintiff strongly opposes that notion.

Defendant says that plaintiff's "obvious intention" (in

seeking a dismissal without prejudice) is to avoid having his claims adjudicated in the federal forum.  If that be so, such intention would be frustrated as to the federal claims if plaintiff re-files them since, if they were to be filed again in State court, no doubt defendant would again remove them.  That intention might also be frustrated if this Court should elect, after dismissal of the federal claims, to exercise pendant jurisdiction over plaintiff's remaining state claims. Regardless of plaintiff's intention, the Court is obliged to properly determine whether a dismissal should be with, or without, prejudice based on other considerations.

3.  The Court concludes that Neal's motion to dismiss is one which he is clearly entitled to make and that no compelling reason is shown as to why a dismissal should be *with* prejudice. Accordingly, the Court finds that said motion should be **granted** -- upon the condition that if the above referenced claims are re-filed, Neal will be responsible to the defendant for any duplicative costs and attorney fees incurred.

4.  Further, because all of Neal's federal claims have been eliminated from this action, this Court must now examine its continued exercise of jurisdiction over this matter.

Defendant suggests that, whether any dismissal of the federal charges is with, or without, prejudice, this Court should retain jurisdiction over the remaining state claims because of

defendant's perceptions that it could not receive a fair trial in the particular state court from which the action was removed.

It would ill-behoove this Court to act upon any such perceptions without more before it than unsubstantiated allegations contained in attorneys' briefing papers.  Moreover, the Court believes there are available to defendant's very able counsel several tools (e.g. change of venue, recusal) with which perceived problems can be addressed and remedied -- short of retaining state claims in federal court rather than remanding them to state court.  Accordingly, the Court is obliged to consider the matter further.

> In this connection, it is useful to note the following:
>
> When a federal court has original jurisdiction over a claim that raises a federal question, Section 1367 provides for the mandatory exercise of supplemental jurisdiction over pendant state-law claims that are so related to the federal-question claim that the claims form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). However, Section 1367, subsection (c) provides exceptions to the mandatory commitment of federal jurisdiction and allows federal courts to decline supplemental jurisdiction over pendant state-law claims if:
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other

> compelling reasons for declining jurisdiction. 28
> U.S.C. § 1367(c).

<u>Ampleman v. Trans States Airlines, Inc.</u>, 204 F.R.D. 437, 439 (E.D. Missouri 2001).

Because the Court has dismissed, *without* prejudice, plaintiff's federal claims, no federal questions remain and Section 1367(c)(3) provides that in such a situation this Court may decline to exercise its jurisdiction over the plaintiffs' remaining state-law claims.

According to the Supreme Court, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. V. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988).  *See also* <u>Johnson v. City of Shorewood, Minnesota</u>, 360 F.3d 810 (8th Cir. 2004).

In light of these authorities and the foregoing comments, the Court concludes that the remaining state law claims are ones which would be more appropriately decided by a state court and that no compelling reason appears for not remanding them. Accordingly, the Court will order that this matter be remanded back to the Circuit Court of Searcy County, Arkansas.  <u>Id</u>.

IT IS, THEREFORE, ORDERED that the following claims are **dismissed without prejudice** upon the condition that if re-filed, Neal will be responsible to the defendant for any duplicative

-4-

costs and attorney fees incurred:

* Neal's claim against the defendant for a violation of the Bankruptcy Stay and Discharge under 11 U.S.C. § 362, 524;

* Neal's claim for defendant's willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and,

* Neal's claim for defendant's negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

**IT IS, FURTHER, ORDERED** that the Clerk of Court is directed to remand this matter to the Circuit Court of Searcy County, Arkansas.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE