IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CALVIN G. NEAL                                              PLAINTIFF

        v.            Civil No. 06-6044

BANK OF AMERICA, N.A. (USA)                                 DEFENDANT

## ORDER

NOW on this 25th day of June 2007, comes on for consideration defendant's **Motion for Reconsideration and Renewed Notice of Removal** (document #37), and plaintiff's **Motion to Remand** (document #41). From the pleadings, the Court, being well and sufficiently advised, finds and orders as follows:

1. This action was originally initiated by Bank of America, N.A. ("Bank of America") when it filed suit against Calvin G. Neal ("Neal") in the Circuit Court of Searcy County, Arkansas on May 25, 2004 for collection on a credit card debt. (document #2)

Neal answered the complaint and filed a counterclaim, which he later amended by the filing of an amended counterclaim against Bank of America. (documents #3, 5)

It appears that, shortly after Neal's amended counterclaim was filed, he filed a Chapter 7 Bankruptcy with the United States Bankruptcy Court, and an automatic stay was imposed on this action. (document #7) Neal's debts were discharged by the Bankruptcy Court on November 9, 2004.

In May of 2006, following the bankruptcy discharge and while the matter was still in state court, Bank of America moved for summary

judgment with respect to Neal's claims. (document #8)

Neal then, while still in state court, filed both a Second Amended Counterclaim (document #9) and a Third Amended Counterclaim (August 3, 2006 -- document #15).

As a consequence of the foregoing, the matter now pending *solely* involves Neal's counterclaim against Bank of America. He is, therefore, listed as "plaintiff"; and, Bank of America is listed as "defendant" -- and the parties will be so identified herein.

2. Following the filing of Neal's Third Amended Counterclaim, Bank of America filed its Notice of Removal with this Court. (document #1) In that Notice of Removal, Bank of America asserted that this Court has original jurisdiction over this civil action as "the matter in dispute is now a federal question, subject to the jurisdiction of the United States District Court without regard to the amount in controversy pursuant to 15 U.S.C. §§ 1681p." (document #1)

3. After the filing of the Notice of Removal by Bank of America, Neal filed his Motion to Remand (document #18).

4. On March 13, 2007, this Court entered an Order (document #29) denying Neal's Motion to Remand, concluding that there was proper federal question jurisdiction. However, the Court also noted in its Order that, in his Motion to Remand, Neal appeared to seek leave to amend his counterclaim. Specifically, Neal had asked leave "to file an Amended Counterclaim which does not contain a reference to [federal law]." (document #18, ¶ 14) In conjunction with its denial of Neal's

-2-

Motion to Remand, the Court provided that

> Neal will be allowed five (5) days from the date hereof in which
> to file a formal motion to amend his complaint, attaching his
> proposed amended complaint to the motion in accordance with Rule
> 5.5(e) of the Rules of the United States District Court for the
> Eastern and Western Districts of Arkansas.  Alternatively, the
> Court notes that if he so chooses, Neal may move to dismiss the
> claims which implicate federal jurisdiction, at which time
> supplemental jurisdiction will be reconsidered by this Court.

(document #29, ¶ 9)

5.  Neal then moved to dismiss certain claims (**Plaintiff's Motion for Nonsuit or Alternatively, Plaintiff's Motion to Dismiss Without Prejudice,** document #31).

The Court granted that motion and, because all federal claims had been eliminated from this action, chose to decline to exercise supplemental jurisdiction over this matter and, instead, remanded this matter to the Circuit Court of Searcy County, Arkansas pursuant to 28 U.S.C. § 1367©.  (Order of April 10, 2007, document #34)

6.  A certified copy of the Order transferring and remanding this matter was sent to the Searcy Count Circuit Court on April 10, 2007. (document #35)

7.  Now, in its **Motion for Reconsideration and Renewed Notice of Removal** (document #37), Bank of America seeks to have this Court reconsider its decision to remand this matter to the Circuit Court of Searcy County -- arguing that a new jurisdictional basis for removal to this Court has arisen since remand.

Neal opposes the motion and argues that, pursuant to 28 U.S.C. §

1447(d), this Court does not have jurisdiction to reconsider its order remanding this matter to state court.

Although the Court may very well have jurisdiction to reconsider its order of remand made pursuant to 28 U.S.C. § 1367©, (*see* <u>Hudson United Bank v. LiTenda Mortg. Corp.</u>, 142 F.3d 151 (3rd Cir. 1998); <u>Thomas v. LTV Corp.</u>, 39 F.3d 611 (5th Cir. 1994)), because the jurisdictional basis for removal discussed in the instant motion is a *new* basis for removal -- which had not been presented to this Court prior to the entry of its Order of remand -- the Court declines to reconsider its order of remand. Accordingly, the Bank of America's **Motion for Reconsideration and Renewed Notice of Removal** (document #37) will be **denied, in part** [*See* <u>Fritzlen v. Boatmen's Bank</u>, 212 U.S. 364 (1909)] but the Court will nevertheless consider the pleading (document #37) a new notice of removal based upon a *new* basis for removal – diversity jurisdiction. *See* <u>Poindexter v. Gross & Janes Company</u>, 167 F.Supp. 151, 153 (D.C. Ark. 1958).

8. In light of the foregoing, the Court turns to Neal's pending **Motion to Remand** (document #41) in which he argues that this matter should again be remanded to state court -- because the amount in controversy totals less than that required for federal diversity jurisdiction.

(a) Bank of America opposes the motion and argues that the amount in controversy requirement has been satisfied.

28 U.S.C. §1441 provides that a case is removable from state

-4-

court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a).

In a case involving multiple causes of action, if one cause is removable, all may be removed. 28 U.S.C. §1441 (c).

If, at any time after removal, it becomes apparent that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. §1447 (c).

The party seeking removal -- or opposing remand -- has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. In re Business Men's Assurance Company of America, 992 F.2d 181 (8th Cir. 1993).

(b)  Diversity jurisdiction is conferred on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. 28 U.S.C. § 1332(a)(1). Diversity must be complete -- meaning that no plaintiff may share the same state citizenship with any defendant. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816 (8th Cir. 2001).

(c)  In the present case, it is not disputed that diversity of citizenship exists, and the only issue is whether the $75,000 statutory minimum has been met.

(d)  Neal argues that his complaint "seeks recovery of an amount less than that required for federal diversity jurisdiction -- and that his attorney, during Neal's deposition, stipulated that the amount

-5-

sought was less than that required for federal diversity jurisdiction." (document #41, ¶ 9)

Bank of America, however, points specifically to a recent pleading in which Neal denied that the amount of damages alleged is less than the amount necessary for federal diversity jurisdiction. (document #37, Exhibits # 5,7).

(e)  The Court has carefully examined the pleadings and all other materials and information properly before it which might relate to this issue and, based on that review, believes the following facts are undisputed:

*   that in a deposition conducted February 28, 2006, Neal alleged his damages to be $74,000.  (document #37, exhibit #2);

*   that Neal filed an Amended Counterclaim (document #5) in July of 2006 in state court wherein he stated, in pertinent part "That Counterclaimant makes a demand for damages against Counterdefendant for a sum less than $75,000.00."  (document #5, ¶ 9);

*   that Neal filed a Third Amended Counterclaim on August 3, 2006 in state court (document #15) which, although not including a specific allegation of damages, does -- for the first time in the case -- assert a claim for punitive damages;

*   that in his pleading -- entitled **Defendant Calvin A. Neal's Response to Plaintiff Bank of America N.A.'s Amended Statement of Facts to Which There is No Genuine Dispute** -- which he filed in state court on May 11, 2007 -- Neal responded: "Denied" to Bank of America's

-6-

statement that "The amount of damages alleged by Mr. Neal is less than the minimum amount necessary for federal jurisdiction in diversity cases such as this."  (document #37, exhibits #5, 7);

\*   that in support of his pending Motion to Remand, Neal has submitted an Affidavit in which he states:

^  "That my request for damages in this matter is less than $75,000.00";

^  "That I have not asked for damages in excess of $75,000.00"; and,

^  "That the Counterclaim filed in this matter has not been amended to ask for damages in excess of $75,000.00."  (document #41, exhibit #1)

(f)  Applicable caselaw instructs that, "[w]here, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003).  Further, "[i]t is the situation at the time of removal which is determinative.  A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal."  Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969)(citations omitted).

-7-

During his deposition testimony given in February 2006, Neal estimated his damages to be $74,000.00 -- only $1,000.00 short of the minimum required for federal diversity jurisdiction. Then, after that sworn testimony, Neal amended his complaint yet again to include a claim for punitive damages -- which had not been previously asserted. Finally, in May of 2007, Neal denied that the damages claimed total an amount under the minimum for federal diversity jurisdiction. In short order following that denial, Bank of America filed its second removal based upon diversity jurisdiction.

The Court strongly doubts that a plaintiff seeking $74,000 in compensatory damages would even bother to assert a claim for punitive damages if he intended to seek therefor an amount less than 2% of the amount of compensatory damages he was claiming. Simple mathematical calculation shows that Neal could seek no more than $1,000 for punitive damages (1.35% of $74,000) and still be seeking a total of no more than $75,000.00. Accordingly, it appears to the Court that Bank of America has carried its burden to show that, indeed, plaintiff is seeking an amount of more than the jurisdictional limits necessary for the exercise of diversity jurisdiction. See Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969) ("[i]t is the situation at the time of removal which is determinative.")

In light of the foregoing, the Court concludes that the Motion for Remand (document #41) should be **denied**.

**IT IS, THEREFORE, ORDERED that:**

\*    Bank of America's **Motion for Reconsideration and Renewed Notice of Removal** (document #37) is **denied, in part.**  The Court will, however, consider the pleading (document #37) a new notice of removal based upon a *new* basis for removal – diversity jurisdiction.

**IT IS FURTHER ORDERED that:**

\*    Neal's **Motion to Remand** (document #41) is **denied.**

**IT IS SO ORDERED.**

> /S/JIMM LARRY HENDREN
> UNITED  STATES  DISTRICT  JUDGE